**BLUE RIDGE INSURANCE COMPANY, a Maryland corporation, Plaintiff–Appellee,**

v.

**Brigette JACOBSEN; John Jacobsen, Defendants–Appellants.**

**No. 98–55052.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 1999

Filed Nov. 29, 1999

James P. Wagoner, Wendy S. Lloyd, and Paul J. O'Rourke, McCormick, Barstow, Sheppard, Wayte & Carruth, Fresno, California, for the plaintiff-respondent.

Glenn A. Brown, Jr., Wasserman, Comden & Casselman, Tarzana, California, for the defendants-petitioners.

Before: RYMER and McKEOWN, Circuit Judges, and SHEA, District Judge.[1]

## ORDER

### REQUEST FOR CERTIFICATION DIRECTED TO THE CALIFORNIA SUPREME COURT

Pursuant to Rule 29.5 of the California Rules of Court, we certify to the Supreme Court of California a question relating to an insurer's ability to recover settlement payments made over the objection of the insured in connection with non-covered claims. The answer may be determinative of the outcome of this appeal. We find no controlling precedent in the decisions of the California Supreme Court. We respectfully request that the Supreme Court of California answer the certified question presented below. Our phrasing of the question should not restrict the Court's consideration of the issue involved, and we acknowledge that, in its discretion, the Court may reformulate the question.

### I. Caption of the Case

Brigette and John Jacobsen are deemed the petitioners in this request because they are the appellants in this matter. The caption of the case and the names and addresses of counsel are as follows:

BLUE RIDGE INSURANCE COMPANY, a Maryland corporation, Plaintiff–Respondent,

v.

BRIGETTE JACOBSEN; JOHN JACOBSEN, Defendants–Petitioners.

### II. Question of Law to be Answered

Whether an insurer defending a personal injury suit under a reservation of rights may recover settlement payments made

1. Honorable Edward F. Shea, United States District Judge for the Eastern District of

over the objection of the insured when it is later determined that the underlying claims are not covered under the policy.

### III. Statement of the Facts

From sometime during the 1970s until late 1989, the petitioners, Brigette and John Jacobsen, operated a dog kennel business in Sun Valley, California. They specialized in importing champion German Shepherd and Rottweiler dogs from Germany and reselling them in the United States. Robert and Edee Bolognesi, plaintiffs in the underlying action, also operated a dog kennel business. The Bolognesis had in the past purchased several dogs from Mrs. Jacobsen, some directly from her kennel and some specifically imported from Germany by her at their request.

Although Mrs. Jacobsen had shut down her kennel business in 1989, in 1991 she assisted the Bolognesis in purchasing a German Schutzhund III male Rottweiler dog-Benno Vom Gelderland. Approximately five months later, Benno attacked Mrs. Bolognesi, causing severe injuries. The Bolognesis sued the Jacobsens, alleging theories of product liability, negligence, and fraud. The Jacobsens tendered the defense to their homeowner's insurer, Blue Ridge Insurance Company ("Blue Ridge").

Blue Ridge disputed coverage on the grounds that the Bolognesis' claims fell within either the "business pursuits" exclusion or the "professional services" exclusion to the homeowner's policy. Blue Ridge nevertheless agreed to defend the Jacobsens subject to a reservation of its right to challenge coverage:

> [B]ecause it appears likely that your liability in this action, if any, will not be covered under the policy, Blue Ridge Insurance Company hereby reserves its rights to:
>
> \*　　\*　　\*　　\*　　\*　　\*

Washington, sitting by designation.

(c) Initiate a separate action to determine our duty to defend or indemnity you;

(d) Obtain recovery from you of any costs or expenses, including fees for legal services[;]

(e) Request your participation in any settlement of the above-titled action with the understanding that any contribution made by us is subject to the reservation of our right to dispute coverage, unless we expressly waive in writing all such reservations.

Shortly thereafter, Blue Ridge brought this declaratory judgment action seeking adjudication of the coverage issue. The district court stayed this matter pending resolution of the underlying state court proceeding. Blue Ridge defended the Jacobsens in the underlying action.

The Bolognesis then made a policy limits settlement demand of $300,000 to the Jacobsens in the underlying state action. A series of letters between Blue Ridge and the Jacobsens ensued. Blue Ridge informed the Jacobsens that it determined the settlement to be reasonable; proposed to accept the demand under a reservation of its right to seek recovery of the settlement amount from the Jacobsens should it be determined that coverage did not exist; and gave the Jacobsens the option, in the alternative, to assume their own defense should they object to the reasonableness of the settlement offer.

The Jacobsens refused to consent to the settlement. They maintained that they were not liable for Mrs. Bolognesi's injuries and expected Blue Ridge to honor its duty to defend them through judgment. Although the Jacobsens acknowledged that Blue Ridge retained the right under the policy to settle claims without their consent, they maintained that Blue Ridge had no right to later collect such settlement payments from them, especially when they refused to consent to the settlement or to take over the defense in the first place because of disputed liability.

Blue Ridge responded by offering to continue defending the Jacobsens under its reservation of rights if they agreed to waive their right to later claim Blue Ridge acted in bad faith by not accepting the settlement should a judgment in the underlying action exceed $300,000. As to the question of liability, Blue Ridge stated:

> While [you] assert[ ] that your clients "contest liability" and note[ ] the existence of evidence to support a claim that Mrs. Bolognesi voluntarily assumed the risk of her injury, you must candidly concede that there is likewise evidence to support a finding of liability on the part of the Jacobsens as well as evidence negating the defense of assumption of risk.

The Jacobsens responded later the same day: "[Y]our client [Blue Ridge] has no right to settle a claim, absent an agreement with its insured, and seek reimbursement from its insured for the amount of the settlement."

Blue Ridge then sought to bind the Jacobsens to their statement that they felt there was no liability in the underlying action, in which case Blue Ridge would be relieved of any obligation of settling the case and the Jacobsens would have effectively waived any later bad faith claim based upon Blue Ridge's failure to accept a settlement demand within policy limits. In the absence of such agreement, Blue Ridge stated it would have no choice but to accept what it considered a reasonable settlement. The Jacobsens refused to consent to settlement for the full policy amount. No alternative settlement amount was discussed.

Having failed to secure the Jacobsens' consent, Blue Ridge then sought to intervene in the underlying action for the purpose of obtaining the trial court's permission to participate in the settlement under a reservation of rights. The trial court refused to allow Blue Ridge to intervene. After the trial court denied its motion to intervene, Blue Ridge accepted the Bolog-

nesis' settlement demand on behalf of the Jacobsens, but over their objection.

After settlement of the state court action, the stay was lifted in this action, and Blue Ridge amended its complaint to assert a claim for reimbursement of the $300,000 settlement payment. Blue Ridge did not seek reimbursement of fees and costs.

The district court entered summary judgment in favor of Blue Ridge on the coverage claim, finding both the "business pursuits" and "professional services" exclusions applied. The court also found the $300,000 settlement to be reasonable. On the reimbursement claim, the district court considered four factors to determine whether an insurer retains a right to reimbursement of a settlement for non-covered claims: (1) a reservation of rights by the insurer; (2) notice to the insured of a reasonable offer to settle coupled with an opportunity to take over the defense should the insured elect not to consent; (3) acceptance of a reasonable offer and the payment of policy limits; and (4) lack of coverage for the underlying claim. The court concluded that Blue Ridge reserved its right to seek reimbursement, provided notice to the Jacobsens of its intent to accept a reasonable settlement offer, gave them the option of assuming the defense if they did not want to settle, and accepted and paid the $300,000 settlement. Accordingly, the district court granted summary judgment on the reimbursement claim in favor of Blue Ridge.

## IV. The Need for Certification and the Presence of a Contested Question

In the attached unpublished disposition, we affirm the district court's conclusion that no coverage existed under either the "business pursuits" or "professional services" exclusions to the homeowner's policy and that the settlement was reasonable. We are uncertain, however, whether California law provides Blue Ridge with a right to seek reimbursement of the $300,000 settlement under these circumstances, particularly in light of the Jacobsens express withholding of their consent to the settlement and their assertion of no liability in the underlying personal injury action. The answer to this question will resolve an important question of insurance law, a matter that we believe is best determined by the California Supreme Court rather than a federal court.

The issue presented in this case is contested, and there exists no clearly controlling precedent in the case law of the California appellate courts. Blue Ridge argues that under *Johansen v. California State Auto Ass'n Inter–Ins. Bureau,* 15 Cal.3d 9, 123 Cal.Rptr. 288, 538 P.2d 744 (1975), *Val's Painting & Drywall, Inc. v. Allstate Ins. Co.,* 53 Cal.App.3d 576, 126 Cal.Rptr. 267 (1975), and *Maryland Casualty Co. v. Imperial Contracting Co.,* 212 Cal.App.3d 712, 260 Cal.Rptr. 797 (1989), an insurer may seek reimbursement of settled sums paid for uncovered claims in one of three ways: (1) through an express or implied agreement with its insured; (2) by obtaining judicial authority to settle the matter under *Maryland Casualty;* or, as was the case here, (3) by tendering the defense back to the insured after notifying it of a reasonable settlement offer under *Val's Painting.* The Jacobsens contend that *Johansen, Val's Painting* and *Maryland Casualty* allow an insurer to seek reimbursement of settlement payments for non-covered claims, but only after entering into an agreement with its insured or obtaining prior judicial approval of the settlement, neither of which occurred in this case. The Jacobsens further assert that, as a policy matter, insurers should not be permitted to in effect "spend" their insured's money over the insured's objection. Blue Ridge counters that the Jacobsens' position places an insurer in the difficult position of deciding whether to pay sums it contends it does not have a duty to pay, or refuse to settle the claims and risk subsequent bad faith liability.

## V. Summary of Law

A review of California case law reveals no case that involved the circumstances here. The California Supreme Court first suggested in *Johansen* that insurers may preserve their right to seek reimbursement of monies paid to settle non-covered claims. The issue in *Johansen* was whether an insurer's refusal to accept a reasonable settlement offer within policy limits on the ground that the policy does not provide coverage violates the implied covenant of good faith and fair dealing. The court held that an insurer who declines to accept a reasonable settlement offer does so at its own risk and will be held liable for all damages resulting from such refusal, including damages in excess of the policy limit. *Johansen*, 15 Cal.3d at 12, 123 Cal. Rptr. 288, 538 P.2d 744. In so holding, the court addressed the insurer's argument that such a rule would require insurers to settle all cases irrespective of coverage:

> [C]ontrary to defendant's assertion, an insurer in defendant's position retains the ability to enter an agreement with the insured reserving its right to assert a defense of noncoverage even if it accepts a settlement offer. If, having reserved such rights and having accepted a reasonable offer, the insurer subsequently establishes the noncoverage of its policy, it would be free to seek reimbursement of the settlement payment from its insured.

*Id.* at 19, 123 Cal.Rptr. 288, 538 P.2d 744. Although *Johansen* did not involve an insured's effort to recover settlement monies, the case suggests that when presented with a settlement offer in a situation where a coverage question exists, an insurer retains the option to enter into an agreement with its insured to accept the settlement offer subject to a reservation of rights to later challenge coverage and, if non-coverage is established, to seek reimbursement of the settlement. *Johansen* did not discuss or elaborate on the nature of such an agreement, however, nor did it address circumstances where no such agreement existed.

Two California Courts of Appeal cases have considered a variation on the issue presented in *Johansen*. In *Val's Painting*, decided soon after *Johansen*, the court considered both the duty to defend and the duty to indemnify, noting that the former is broader than the latter. There, Allstate agreed to defend Val's under a reservation of rights and thereafter settled the two pending cases for $3,200. Allstate then sought reimbursement of fees and the settlement amount. The trial court sustained the demurrer to Allstate's claim without leave to amend. Because Val's had not yet pleaded, however, the record was sparse. In rendering its decision, the Court of Appeals recited a list of unknowns, resulting in a remand to the trial court. The court noted that there were no allegations that Val's refused to enter into a nonwaiver agreement, notified Allstate that it did not acquiesce in the reservation of rights, was informed of the settlement offer, expressly or implicitly agreed the settlement was reasonable, was given an opportunity to assume the defense, or agreed to leave the issue of coverage for future determination.

The essential holding of the court was that the insurer's reservation of rights letter was insufficient, without more, to constitute the agreement contemplated by *Johansen*. *Val's Painting*, 53 Cal.App.3d at 588, 126 Cal.Rptr. 267. In particular, the Court noted that the letter did not expressly state that the insurer would look to its insured for any settlement amount paid and could not reasonably be interpreted to provide the insurer with "carte blanche" authority to settle "with what will turn out to be the insured's own money." *Id.* In addition, the court found no allegation or evidence offered by Allstate to the effect that Val's knew of or agreed to the settlement offer, or was given the opportunity to assume the defense. The court went on to state that

Absent an agreement by the insured-express or implied in fact-that the insurer may commit the insured's own fund toward any reasonable settlement, the insurer is not permitted to seek reimbursement for a particular settlement unless it has secured specific authority to make that settlement or has notified the insured of a reasonable offer by the claimant and given the insured an opportunity to assume the defense.

*Id.* The Jacobsens argue that this paragraph is dicta and, in any event, does not specifically address the circumstances here, whereas Blue Ridge argues that by giving the Jacobsens an opportunity to assume the defense, Blue Ridge is entitled to reimbursement.

Another California Court of Appeal, also construing *Johansen,* reiterated that an insurer "retains the ability" to enter into an agreement with its insured to reserve its right to later challenge coverage after accepting a settlement offer on its insured's behalf. *Maryland Casualty,* 212 Cal.App.3d at 722, 260 Cal.Rptr. 797. For cases in which an insured refuses to agree as in *Maryland Casualty,* however, the insurer has three options:

it could turn over the defense to [the insured] and await the outcome of the declaratory relief action; relinquish its earlier reservation of rights and acknowledge coverage; or proceed with the settlement [and obtain an order permitting the insurer to participate in the settlement].

*Id.* The *Maryland Casualty* court reasoned that the trial court's order authorizing the insurer to participate in the settlement "fully comports with the concerns underlying the *Val's Painting* rule," given that the insured was aware of the settlement and its terms.

In this case, Blue Ridge sought to intervene in the underlying action for purposes of obtaining an order allowing Blue Ridge to settle on behalf of the Jacobsens. Because the trial court denied the motion, *Maryland Casualty* does not provide guidance in this case. This leaves us with *Johansen* and *Val's Painting,* which also do not provide a clear answer. Specifically, it is unclear whether, under *Johansen,* an agreement is a prerequisite to reimbursement. Similarly, it is unclear whether *Val's Painting* is limited to its express holding requiring that the letter at issue in that case did not, without more, constitute the agreement contemplated by *Johansen.* Or whether, on the other hand, *Val's Painting* stands for the broader proposition that an agreement is not required where there is notice to the insured plus an offer for the insured to assume the defense. Although there have been other California cases that cite to *Johansen* and *Val's Painting,* the circumstances in those cases are not the same as those presented here. *See, e.g., Buss v. Superior Ct. of Los Angeles County,* 16 Cal.4th 35, 65 Cal. Rptr.2d 366, 939 P.2d 766 (1997); *Venture v. LMI Ins. Co.,* 66 Cal.App.4th 478, 78 Cal.Rptr.2d 142 (1998); *Golden Eagle Ins. Co. v. Foremost Ins. Co.,* 20 Cal.App.4th 1372, 25 Cal.Rptr.2d 242 (1993). The most closely analogous case is a Massachusetts case wherein the court cited both *Johansen* and *Val's Painting* and commented on the different approaches each court advanced. *Medical Malpractice Joint Underwriting Ass'n of Massachusetts v. Goldberg,* 425 Mass. 46, 57-58 n. 30, 680 N.E.2d 1121 (1997).

The answer to the certified question may be determinative of the case pending before this panel. Because the parties agree that there was no express or implied agreement here, the answer to the certified question will establish the legal basis for analyzing Blue Ridge's claim for reimbursement of settlement payments. This court agrees to follow the answer provided by the California Supreme Court. For the foregoing reasons, we respectfully request that the California Supreme Court consider the above-certified question.

**VI. Accompanying Materials**

The Clerk of this court has been ordered to provide all relevant briefs and excerpts

of record with this request, along with the unpublished disposition on the coverage issue, and to forward all under the official seal of the Ninth Circuit pursuant to Rule 29.5(c)-(d).